John L. CORRIGAN, Plaintiff-counter-defendant—Appellant,

v.

Dan DALE, WSP Trooper; et al., Defendants—Appellees,

Barrett Scudder, Adams County Deputy Prosecutor; et al., Defendants-counter-claimants—Appellees.

No. 04–36002.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 9, 2006.*

Decided Jan. 13, 2006.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**785**

Before: HUG, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

MEMORANDUM **

John L. Corrigan appeals pro se the district court's summary judgment in his 42 U.S.C. § 1983 action alleging that Washington State Troopers Dale and Burt, Adams County Judge A. Hille, and Adams County, violated his constitutional rights after he refused to sign a traffic infraction citation. He also appeals the district court's summary judgment in favor of Judge Hille on her counterclaim for abuse of process, awarding Judge Hille attorney's fees for defending against Corrigan's claim. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's summary judgment de novo, *Buono v. Norton*, 371 F.3d 543, 545 (9th Cir.2004), and the award of Rule 11 sanctions for abuse of discretion, *Barber v. Miller*, 146 F.3d 707, 709 (9th Cir.1998). We affirm the district court's dismissal of Corrigan's action, and reverse the award of attorney's fees.

 The district court did not err when it dismissed Corrigan's false arrest and false imprisonment claims against the State Troopers because these claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). *See Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir.1998) (holding that *Heck* barred false arrest and false imprisonment claims until conviction was invalidated).

John L. Corrigan, Auburn, WA, for Plaintiff–Counter–Defendant–Appellant.

Catherine Hendricks, Esq., AGWA–Office of the Washington Attorney General, Seattle, WA, for Defendants–Appellees.

Fred C. Pflanz, Esq., Winston & Cashatt, Holly A. Vance, Esq., Attorney General's Office, Spokane, WA, Defendants–Counter–Claimants–Appellees/Defendants–Appellees.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Corrigan contends that the district court improperly declined to analyze the constitutionality of the procedures and statute under which the State Troopers arrested him. This claim is barred by the doctrine of claim preclusion. *See Tahoe–Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency,* 322 F.3d 1064, 1077 (9th Cir.2003) (internal quotation omitted) ("Although the district court did not reach the issue of claim preclusion, we may affirm the district court on any ground supported by the record, even if the ground is not relied on by the district court."). Under Washington law, "[i]n an instance of claim preclusion, all issues which might have been raised and determined are precluded." *Babcock v. State,* 112 Wash.2d 83, 768 P.2d 481, 487 (1989). Corrigan had the opportunity to raise these issues in his state court trial, in which the State of Washington was a party and in which there was a final judgment. *See Sanchez v. City of Santa Ana,* 936 F.2d 1027, 1035–36 (9th Cir.1990) ("It is well-established that where a federal constitutional claim is based on the same asserted wrong as a state action and the parties are the same, res judicata will bar the federal constitutional claim, whether or not it was asserted specifically in state court.").

Corrigan's contention that the State Troopers used excessive force fails because handcuffing is constitutionally permissible even if the underlying crime is minor and even if the procedure is "inconvenient and embarrassing." *Atwater v. City of Lago Vista,* 532 U.S. 318, 354–55, 121 S.Ct. 1536, 149 L.Ed.2d 549 (2001).

Counsel for Judge Hille failed to file a separate Rule 11 motion or to comply with the 'safe harbor' provisions. *See* Fed. R.Civ.P. 11(c)(1)(A). The district court

therefore abused its discretion when it awarded attorney's fees and costs in favor of Judge Hille. *See Holgate v. Baldwin,* 425 F.3d 671, 678 (9th Cir.2005) ("We must reverse the award of sanctions when the challenging party failed to comply with the safe harbor provisions, even when the underlying filing is frivolous.").

Corrigan's remaining contentions are without merit.

Each party shall bear its own costs on appeal.

**AFFIRMED in part; REVERSED in part.**